**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

Wen Jian Lin,

                          Plaintiff,

          - against -

Bund Dumpling House Inc. d/b/a The Bund a/k/a Bund on
Broadway a/k/a Shanghainese Dumpling Noodle House;
Bund on Broadway & Company Inc d/b/a The Bund a/k/a
The Bund Chinese Cuisine a/k/a Shanghainese Dumpling
Noodle House; David Kong, and Maggie Liu, as an
individual,

                          Defendants.

**COMPLAINT**

**Jury Trial Demanded**

          Plaintiff Wen Jian Lin, ("Plaintiff"), by and through his counsel, Seo Law Group, PLLC,

upon his knowledge and belief, and as against, Bund Dumpling House Inc. d/b/a The Bund a/k/a

Bund on Broadway a/k/a Shanghainese Dumpling Noodle House; Bund on Broadway & Company

Inc d/b/a The Bund a/k/a The Bund Chinese Cuisine a/k/a Shanghainese Dumpling Noodle House

(collectively, "The Bund" or Corporate Defendants"); David Kong, and Maggie Liu ("Individual

Defendants"), jointly and severally (collectively referred herein as "Defendants") alleges:

## NATURE OF THE ACTION

          1.      Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29

U.S.C. §§ 201 et seq. ("FLSA"), he is entitled to recover from Defendants: (a) Unpaid overtime

compensation, (b) liquidated damages, (c) prejudgment and post-judgment interest, (d) and

attorneys' fees and costs.

          2.      Plaintiff further alleges that, pursuant to the New York Labor Law, they are entitled

to recover from Defendants: (a) unpaid overtime compensation, (b) unpaid "spread of hours"

premium for each day their work shift exceeded ten (10) hours, (c) liquidated and statutory damages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (d) prejudgment and post-judgment interest, and (e) compensatory damages for retaliatory termination, and (f) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarter and office within this district, and Defendants operate a Chinese restaurant located in this district. Further, Plaintiff was employed by Defendants in this district.

## THE PARTIES

### *Plaintiff*

### *Plaintiff Wen Jian Lin ("Plaintiff")*

5.      Plaintiff is an adult individual residing in Queens County, New York.

6.      Plaintiff was employed by Defendants at their restaurant(s) as a chef from on or about September 1, 2021 until on or about February 7, 2022.

7.      Plaintiff consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b).

8.      The consent to sue form for the Plaintiff is attached hereto as **Exhibit 1.**

## CORPORATE DEFENDANTS

***Bund Dumpling House Inc**. (is believed to be a parent/successor corporation of Bund on Broadway & Company Inc.  or a joint employer with Bund on Broadway & Company Inc. or both)*

9.      The Corporate Defendant, Bund Dumpling House Inc., is a domestic business corporation and existing under the laws of the State of New York with a Service of Process address at 25-08 Broadway, Astoria, NY 11106 in the New York Department of State record.

10.      Corporate Defendant, Bund Dumpling House Inc. operates a Chinese restaurant located at 25-08 Broadway, Astoria, NY 11106.

11.      Upon information and belief, Bund Dumpling House Inc. was incorporated on October 28, 2021.

12.      Upon information and belief, Bund Dumpling House Inc., is either the successor corporation of Bund on Broadway & Company Inc. or was a co-operator of The Bund located at 25-08 Broadway, Astoria, NY 11106.

13.      Upon information and belief, Bund Dumpling House Inc. is at present and has been at all times relevant to the allegations in this Complaint been an enterprise engaged in interstate commerce within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 203(b) in that it has and has had employees engaged in interstate commerce or in production of goods for interstate commerce as well as handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce by any person; and they have each had annual gross volume sales of not less than $500,000.

14.      Bund Dumpling House Inc. is an "employer" within the meaning of the FLSA 29 U.S.C § 203 (d) and the New York State Labor Law ("NYLL") § 2, 190, and/or 651 that runs and

profits from a business operation as a Chinese restaurant located at 25-08 Broadway, Astoria, NY 11106.

***Bund on Broadway & Company Inc***

15.     The Corporate Defendant, Bund on Broadway & Company Inc., is a domestic business corporation and existing under the laws of the State of New York with a Service of Process address at 9601 Metropolitan Avenue, Forest Hills, NY11375 in the New York Department of State record.

16.     Upon information and belief, Bund on Broadway & Company Inc operated/operates a Chinese restaurant located at 25-08 Broadway, Astoria, NY 11106.

17.     Upon information and belief, Bund on Broadway & Company Inc was incorporated on January 23, 2019.

18.     Upon information and belief, Bund on Broadway & Company Inc, is either the predecessor corporation of Bund Dumpling House Inc. or is/was a co-operator of Bund Dumpling House Inc. located at 25-08 Broadway, Astoria, NY 11106, together with Bund Dumpling House Inc.  at the same business location.

19.     Upon information and belief, Bund on Broadway & Company Inc. is at present and has been at all times relevant to the allegations in this Complaint been an enterprise engaged in interstate commerce within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 203(b) in that it has and has had employees engaged in interstate commerce or in production of goods for interstate commerce as well as handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce by any person; and they have each had annual gross volume sales of not less than $500,000.

20.     Bund on Broadway & Company Inc. is an "employer" within the meaning of the FLSA 29 U.S.C § 203 (d) and the New York State Labor Law ("NYLL") § 2, 190, and/or 651 that runs and profits from a business operation as a Chinese restaurant based at 25-08 Broadway, Astoria, NY 11106.

## INDIVIDUAL DEFENDANTS

### *Defendant David Kong ("Defendant Kong")*

21.     Upon information and belief, Defendant David Kong (hereafter, "Defendant Kong") is an individual who has been the de facto and de jure owner, officer and/or agent of Corporate Defendants during the relevant time period, and he is sued individually. Defendant Kong has possessed and exercised operational control over Corporate Defendants, for example, he has at times relevant to this litigation determined the wages and compensation of Defendants' employees, including Plaintiff, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees. In particular, Defendant Kong has a prominent role in the setting of salaries for Corporate Defendants' employees and hires and fires Corporate Defendants' employees.

22.     Upon information and belief, Defendant Kong has ownership interest in the Corporate Defendants, and he is a manager and supervisor of all his employees and the employees of the Corporate Defendants.

23.     Defendant Kong is known to Plaintiff as the "owner" of The Bund at 25-08 Broadway, Astoria, NY 11106.

24.     Defendant Kong is also known to Plaintiff as the "second boss" at The Bund.

25.     Upon information and belief, Defendant Kong manages all aspects of the Corporate Defendants' finances including handling its employees' payroll, together with Defendant Maggie Liu.

***Defendant Maggie Liu ("Defendant Liu")***

26.     Upon information and belief, Defendant Maggie Liu (hereafter, "Defendant Liu") is an individual who has been the de facto and de jure owner, officer and/or agent of Corporate Defendants during the relevant time period, and he is sued individually. Defendant Liu has possessed and exercised operational control over Corporate Defendants, for example, she has at times relevant to this litigation determined the wages and compensation of Defendants' employees, including Plaintiff, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees. In particular, Defendant Liu has a prominent role in the setting of salaries for Corporate Defendants' employees and hires and fires Corporate Defendants' employees.

27.     Upon information and belief, Defendant Liu has ownership interest in the Corporate Defendants, and she is a manager and supervisor of all her employees and the employees of the Corporate Defendants.

28.     Upon information and belief, Defendant Liu was the co-operator of The Bund at 25-08 Broadway, Astoria, NY 11106, together with Defendant Kong.

29.     Defendant Liu is known to Plaintiff as the "general manager" of The Bund.

30.     Defendant Liu is also known to Plaintiff to be a "supervisor" and "manager" and exercised direct supervisory authority over Plaintiff at The Bund located at 25-08 Broadway, Astoria, NY 11106.

31.     Upon information and belief, Defendant Liu manages all aspects of the Corporate Defendants' finances including handling its employees' payrolls, together with Defendant Kong.

32.     Plaintiff was "employee" of Individual Defendants Kong and Liu within the meaning of 29 U.S.C § 203 (e)(1) and NYLL § 190(2).

33.     Defendants Kong and Liu and Corporate Defendants, through Individual Defendants, controlled the hours, the task assignments and the overall work associated with Plaintiff's work at the business premise of The Bund.

34.     Defendants Kong and Liu, and Corporate Defendants, through Individual Defendants, controlled the terms and conditions of Plaintiff's employment and are thus "employers" within the meaning of 29 U.S.C. § 203(d) and NYLL § 190(3).

35.     Defendants employed Plaintiff to work as a non-exempt chef for Defendants' Chinese restaurant from on or about September 1, 2021 through on or about February 7, 2022.

36.     The work performed by Plaintiff was directly essential to the business operated by Defendants.

37.     Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

38.     Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

39.     Defendants terminated Plaintiff's employment in retaliation after he raised concerns to Defendants about his longer working hours and being underpaid in violation of the FLSA and New York Labor Law.

40.     Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

*Defendants Constitute Joint Employers*

41.     Defendants operate a Chinese restaurant where the Plaintiffs worked. At all relevant times, Individual Defendants Kong and Liu possesses or possessed operational control over Corporate Defendants; possesses or possessed an ownership interest in Corporate Defendants; and controls or controlled significant functions of Corporate Defendants.

42.     Corporate Defendants and Individual Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

43.     At relevant times, each Corporate Defendants possessed substantial control over Plaintiff's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff.

44.     Corporate Defendants jointly employed Plaintiff and are Plaintiff's employers within the meaning of 29 U.S.C. 201 et seq. and the NYLL.

45.     In the alternative, Corporate Defendants constitute a single employer of Plaintiff, as the corporate divisions between them are fictional.

46.     Upon information and belief, Individual Defendants operate Corporate Defendants as either an alter ego of themselves and/or fail to operate Corporate Defendants as an entity legally separate and apart from themselves, by among other things:

    a.   failing to adhere to the corporate formalities necessary to operate Corporate Defendants as Corporation;

    b.   defectively forming or maintaining the corporate entity of Corporate Defendants, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records;

c.   transferring assets and debts freely as between all Defendants;

d.   operating Corporate Defendants for their own benefit as the sole or majority shareholder(s);

e.   operating Corporate Defendants for their own benefit and maintaining control over this corporations as close corporation;

f.   operating Corporate Defendants at the same principal place of business located at 25-08 Broadway, Astoria, NY 11106;

g.   operating Corporate Defendants under the same business name such as The Bund, Bund on Broadway, and/or Shanghainese Dumpling Noodle House;

h.   intermingling assets and debts of their own with Corporate Defendants;

i.   diminishing and/or transferring assets of Corporate Defendants to avoid full liability as necessary to protect their own interests, and

j.   Other actions evincing a failure to adhere to the corporate form.

47.   At all relevant times, Individual Defendants were Plaintiff's employer within the meaning of the FLSA, NYLL and other law.

48.   Individual Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

49.   Individual Defendants supervised Plaintiff's work schedules and conditions of his employment.

50.   Individual Defendants also determined the rate and method of payment for Plaintiff.

51.   Individual Defendants also controlled and guided what limited recordkeeping that took place which Plaintiff contends is deficient pursuant to FLSA and NYLL requirements.

**STATEMENT OF FACTS**

52.     Plaintiff is a former employee of Defendants, primarily employed in performing the duties as chef, but was also responsible for performing various other tasks, such arranging heavy boxes in the basement of the restaurant and removing dried sauce/seasoning residue from the containers.

53.     Plaintiff did not work at his own convenience, having to report to work according to his schedule devised by Defendants. Furthermore, once scheduled for a shift, Plaintiff did not come and go at his pleasure but rather was controlled by Defendants.

54.     Plaintiff is non-exempt under FLSA and the NYLL. Among other things, Plaintiff did not occupy what law would characterize as a "professional," "executive" or even "administrative" position, as Plaintiff's employment for Defendants required physical labor.

55.     Plaintiff commences this action under 29 U.S.C. § 216(b).

56.     Plaintiff regularly handled goods in interstate commerce, such as produce, inventory, and materials that were produced outside of the State of New York.

57.     Plaintiff's work duties required neither discretion nor independent judgment.

58.     During Plaintiff's employment with Defendants, Plaintiff worked at Defendants' Chinese restaurant, doing business as The Bund, Bund on Broadway, and/or Shanghainese Dumpling Noodle House located at 25-08 Broadway, Astoria, NY 11106.

59.     Although Plaintiff was hired as chef, Plaintiff was required to spend over 25% of his shift for performing physically strenuous tasks at the will and pleasure of Defendants Kong and Liu to accomplish tasks as they saw fit from day to day since around December 2021.

60.     In the beginning of Plaintiff's employment, Defendants required Plaintiff to perform his main duties as chef at The Bund, but they did not allow Plaintiff to take any

uninterrupted break although they required Plaintiff to work approximately (11) hours per day for (6) days per week.

61.     Throughout Plaintiff's employment, from on or around September 1, 2021 until February 7, 2022, he worked six (6) days a week with Thursdays off. From Monday through Wednesday and on Sundays, Plaintiff worked from 11:00 a.m. to 9:45 p.m. On Fridays and Saturdays, he worked from 11:00 a.m. to 10:15 p.m., without any uninterrupted break. As such, Plaintiff worked at least (10.8) hours or (11.3) hours each day or (65.8) hours per week.

62.     Regardless of the number of hours Plaintiff worked, Defendants paid Plaintiff at a fixed monthly rate at $4,500.00 in cash per month.

63.     In or around December 2021, Plaintiff complained to Defendant Kong and Liu about his longer working hours, absent any uninterrupted break, and Defendants' unfair pay practice.

64.     Since Plaintiff complained to the Individual Defendants, Defendant Kong began requesting Plaintiff to perform physically demanding duties in addition to performing his main duties as a chief.

65.     Defendant Kong frequently requested Plaintiff to go to the basement to arrange heavy boxes and required Plaintiff to remove the dried sauce residue in the containers by physically scrapping them with his hands.

66.     Only to make Plaintiff busier at work, Defendant Liu also asked Plaintiff to perform other physically intensive duties that a deliveryman would generally perform at The Bund.

67.     As the degree of Plaintiff's work duties requiring him to perform strenuous tasks without any uninterrupted break, Plaintiff *again* complained to Defendant Liu about his difficulties at work.

68.     Upon listening to Plaintiff's complaint, Defendant Liu presented her cell phone to Plaintiff and showed him text message communication between Defendants Kong and Liu. Defendant Liu stated that Defendant Kong had purposely been requiring Plaintiff to perform additional "hard work" only to "force him to quit *[because Plaintiff complained to Defendants]*."

69.     On or about February 7, 2022, Plaintiff was finally forced to terminate his employment with Defendants since he could no longer endure the excessive workload and the relentless work.

70.     Throughout Plaintiff's employment, he regularly worked over (40) hours per week, but was not paid at the statutory rate of time and one-half as required by state and federal law.

71.     Plaintiff was not required to punch a time clock or other time-recording devise at the beginning and end of his work shift.

72.     Neither at the time of hire, or anytime thereafter, did Defendants provide Plaintiff with a written wage in English, and in his primary language, of his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

73.     After paying Plaintiff his compensation in cash on a monthly basis, Defendants failed to provide Plaintiff with a wage statement setting forth among other things, Plaintiff's gross wages, deductions, and net wages.

74.     Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

75.     Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff a "spread of hours" premium for each day that his work shift exceeded ten (10)

hours per day, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

76.    Plaintiff has been substantially damaged by Defendants' unlawful conduct.

## STATEMENT OF CLAIM

### COUNT I
### [Violations of the Fair Labor Standards Act—Overtime Wage]

77.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

78.    The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC § 207(a).

79.    At all relevant times, defendants employed Plaintiff within the meaning of the FLSA.

80.    The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

81.    Throughout Plaintiff's employment, from on or around September 1, 2021 until February 7, 2022, he worked six (6) days a week with Thursdays off. From Monday through Wednesday and on Sundays, Plaintiff worked from 11:00 a.m. to 9:45 p.m. On Fridays and Saturdays, he worked from 11:00 a.m. to 10:15 p.m., without any uninterrupted break. As such, Plaintiff worked at least (10.8) hours or (11.3) hours each day or (65.8) hours per week.

82.     Defendants have failed to pay Plaintiff premium overtime wages to which he is entitled under the FLSA at the rate of time and one-half for all hours worked in excess of 40 hours per week.

83.     Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

84.     Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

85.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

86.     As a result of Defendants' willful violations of the FLSA, Plaintiff has suffered damages by being premium overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

**COUNT II**
**[Violation of New York Labor Law—Overtime Pay]**

87.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

88.     Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

89.     At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§2 and 651.

90.     Throughout Plaintiff's employment, from on or around September 1, 2021 until February 7, 2022, he worked six (6) days a week with Thursdays off. From Monday through Wednesday and on Sundays, Plaintiff worked from 11:00 a.m. to 9:45 p.m. On Fridays and Saturdays, he worked from 11:00 a.m. to 10:15 p.m., without any uninterrupted break. As such, Plaintiff worked at least (10.8) hours or (11.3) hours each day or (65.8) hours per week.

91.     Defendants have failed to pay Plaintiff premium overtime wages due and owing under the NYLL and the supporting New York State Department of Labor Regulations at the rate of time and one half for all hours worked in excess of 40 hours per week.

92.     Through their knowing or intentional failure to pay minimum hourly wages to Plaintiff, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations.

93.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants unpaid overtime wages and liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**COUNT III**
**[Violation of New York Labor Law—Spread of Hour Pay]**

94.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

95.     At all relevant times, Plaintiff was employed by defendants within the meaning of the New York Labor Law, §§2 and 651.

96.     Defendants regularly and knowingly required Plaintiff to be at work for a spread of hours equal to, or greater than, ten (10) hours per day, throughout Plaintiff's employment with Defendants.

97.     Defendants knowingly, willfully, and intentionally failed to pay Plaintiff one extra hour's pay at the basic minimum wage for each day he worked shifts lasting in exceeded ten hours from start to finish, in violation of the New York Labor Law §§650 *et seq.* and its regulations in 12 N.Y.C.R.R. §146-1.6.

98.     Because of Defendants' willful violation of the NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages originating from the spread of hours provision, liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

### COUNT IV
### [Violation of New York Labor Law—Wage Notices]

99.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

100.     At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§2 and 651.

101.     Defendants have willfully failed to supply Plaintiff with a wage notices, as required by NYLL, Article 6, § 195(1),  in English, or in the language identified by Plaintiff as his primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191;  the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner has deemed material and necessary.

102.     Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq*., and the supporting New York State Department of Labor Regulations.

103.     Due to defendants' violation of NYLL § 195(1), Plaintiff is entitled to recover from Defendants liquidated damages $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

### COUNT V
### [Violation of New York Labor Law—Wage Statements]

104.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

105.     At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§2 and 651.

106.     Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

107.     Through their knowing or intentional failure to provide Plaintiff with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

108.     Due to Defendants' violation of NYLL § 195(3), Plaintiff is entitled to recover from

the Defendants liquidated damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198-1(d).

## COUNT VI
### [Violation of the New York Labor Law - Retaliation]

109.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

110.    NYLL § 215 prohibits an employer from terminating or disciplining an employee because "such employee has made a complaint to his or her employer, or to the commissioner or his or her authorized representative, or to the attorney general or any other person, that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter."

111.    After Plaintiff complained to Defendants about longer working hours and insufficient amount of pay, Plaintiff was discharged form employment. *See paragraphs, 63-69.*

112.    Specifically, since around December 2021, Plaintiff complained to Defendant Kong and Liu about his longer working hours, absent any uninterrupted break, and Defendants' unfair pay practice and Plaintiff was required to perform physically demanding duties without any uninterrupted break. *See paragraphs, 63-66.*

113.    Defendant Kong frequently requested Plaintiff to go to the basement to arrange heavy boxes and required Plaintiff to remove the dried sauce residue in the containers by physically scrapping them with hands.

114.    Only to make Plaintiff busier at work, Defendant Liu also asked Plaintiff to perform other physically intensive duties that a deliveryman would generally perform at The Bund.

115.    As the degree of Plaintiff's work duties requiring him to perform strenuous tasks without any uninterrupted break, Plaintiff *again* complained to Defendant Liu about his difficulties at work.

116.    Upon listening to Plaintiff's complaint, Defendant Liu presented her cell phone to Plaintiff and showed him text message communication between Defendants Kong and Liu. Defendant Liu stated that Defendant Kong had purposely been requiring Plaintiff to perform additional "hard work" only to "force him to quit *[because Plaintiff complained to Defendants]*."

117.    On or about February 7, 2022, Plaintiff was finally forced to terminate hie employment with Defendants since he could no longer endure the excessive workload and the relentless work.

118.    Defendant Liu knowingly allowed the conduct to persist without any attempt to intervene or correct Defendant Kong's conduct.

119.    In committing the above-mentioned retaliatory acts, Defendants terminated Plaintiff, and retaliated against Plaintiff for making complaints that Defendants violated the NYLL.

120.    As a direct and proximate result of Defendants unlawful conduct, as set forth herein, Plaintiff sustained damages and seek recovery for retaliation in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 215 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## COUNT VII
### [Violation of the New York Labor Law - Frequency of Payment]

121.    Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

122.    Throughout the period covered by the applicable statute of limitations, Plaintiff was not provided with payment for his wages for all hours worked each workweek at least as frequently as semi-monthly, in violation of NYLL § 191 on the regular payday for the pay period in which the workweek ended.

123.    During Plaintiff's employment with Defendants, Plaintiff worked at Defendants' Chinese restaurant(s), doing business as The Bund, Bund on Broadway, and/or Shanghainese Dumpling Noodle House located at 25-08 Broadway, Astoria, NY 11106.

124.    Although Plaintiff was hired as chef, Plaintiff was required to spend over 25% of his shift for performing physically strenuous tasks at the will and pleasure of Defendants Kong and Liu to accomplish tasks as they saw fit from day to day since around December 2021.

125.    Throughout Plaintiff's employment, from on or around September 1, 2021 until February 7, 2022, he worked six (6) days a week with Thursdays off. From Monday through Wednesday and on Sundays, Plaintiff worked from 11:00 a.m. to 9:45 p.m. On Fridays and Saturdays, he worked from 11:00 a.m. to 10:15 p.m., without any uninterrupted break. As such, Plaintiff worked at least (10.8) hours or (11.3) hours each day or (65.8) hours per week.

126.    Regardless of the number of hours Plaintiff worked, Defendants paid Plaintiff at a fixed monthly rate at $4,500.00 in cash on a monthly basis.

127.    Throughout the period covered by the applicable statute of limitations, Defendants knowingly failed to pay Plaintiff at least as frequently as semi-monthly.

128.    Defendant's conduct was willful and lasted for the duration of the relevant time period.

129.    Defendants conduct was in violation of the NYLL.

130.    Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, liquidated damages equal to the wages of Plaintiff, together with costs and attorneys' fees.

### Prayer for Relief

WHEREFORE, Plaintiff requests that this Court enter a judgment:

a)    Declaring that Defendants have violated the overtime pay of the FLSA, and supporting United States Department of Labor Regulations;

b)    declaring that Defendants have violated the overtime pay provisions of the NYLL, and supporting regulations;

c)    declaring that Defendants have violated the Wage Theft Prevent Act;

d)    declaring that Defendants have violated the Spread of Hours law;

e)    declaring that Defendants' violations of the FLSA were willful;

f)    declaring that Defendants' violations of the NYLL were willful;

g)    declaring Defendants violated the NYLL, as well as the New York Executive Law;

h)    awarding Plaintiff damages for all unpaid wages;

i)    awarding Plaintiff appropriate damages and fines and penalties as provided for by statute;

j)    awarding Plaintiff liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

k)    awarding damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

l)      awarding plaintiff liquidated damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

m)     issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL, Article 6, §§ 190 *et seq.*, NYLL, Article 19, §§ *et seq.*, and the supporting New York State Department of Labor Regulations;

n)     awarding Plaintiff pre-judgment and post-judgment interest under the FLSA and the NYLL;

o)     granting an injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

p)     awarding Plaintiff reasonable attorneys fees' and costs pursuant the FLSA and the NYLL; and

q)     awarding such other and further relief as the Court deems just and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated:  Flushing, New York           **SEO LAW GROUP, PLLC**
       November 15, 2022

                                 By:   /s/ Diana Seo_____
                                      Diana Seo, Esq.
                                      136-68 Roosevelt Ave., Suite 726
                                      Flushing, New York 11354
                                      Telephone: (718) 500-3340
                                      Email: diana@seolawgroup.com
                                      *Attorneys for Plaintiff*

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
## FOR SERVICES RENDERED

To: David Kong, and Maggie Liu

      PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Wen Jian Lin intends to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Bund Dumpling House Inc. for all debts, wages, and/or salaries due and owing to him as laborer, servant and/or employees of the said corporation for services performed by him or the said corporation within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on his behalf.

      Dated: November 15, 2022

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
FOR SERVICES RENDERED**

To: David Kong, and Maggie Liu

      PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Wen Jian Lin intends to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Bund on Broadway & Company Inc for all debts, wages, and/or salaries due and owing to him as laborer, servant and/or employees of the said corporation for services performed by him or the said corporation within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on his behalf.

      Dated: November 15, 2022

**DEMAND BY EMPLOYEES TO INSPECT BOOKS, RECORDS, AND
MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE
BUSINESS CORPORATION LAW**

TO:

      Bund Dumpling House Inc.
      25-08 Broadway
      Astoria, NY11106


      PLEASE TAKE NOTICE, that Wen Jian Lin intends to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to him as laborer, servant and/or employee of the above corporation for services performed by him for the above corporation within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporation, and on his behalf.

      To the extent that the above corporation keeps and maintains the predecessor corporation(s)' archival records, they are subject to this request and must not be destroyed.

      HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts there from on or after five (5) days from receipt of this notice.

      Dated: November 15, 2022

**DEMAND BY EMPLOYEES TO INSPECT BOOKS, RECORDS, AND
MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE
BUSINESS CORPORATION LAW**

TO:

Bund on Broadway & Company Inc
9601 Metropolitan Avenue
Forest Hills, NY 11375

PLEASE TAKE NOTICE, that Wen Jian Lin intends to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to him as laborer, servant and/or employee of the above corporation for services performed by him for the above corporation within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporation, and on his behalf.

To the extent that the above corporation keeps and maintains the predecessor corporation(s)' archival records, they are subject to this request and must not be destroyed.

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts there from on or after five (5) days from receipt of this notice.

Dated: November 15, 2022

## <u>DEMAND TO PRESERVE EVIDENCE</u>

Defendants are hereby directed to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's causes of action and/or prayer for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, computer databases, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

Dated: November 15, 2022

**EXHIBIT 1**

**CONSENT TO SUE**
**UNDER FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by <u>Bund Dumpling House Inc</u>., Bund on Broadway & Company Inc, and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Continent Fee retainer signed by the named plaintiff in this case.

_____
Full Legal Name (Print)

WEN JIAN LIN
_____
Signature

11.14.2022
_____
Date